# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DCCC, et al., | ) |
| Plaintiffs, | ) ) ) ) Case No. 20-CV-211-JED-JFJ |
| v. | ) ) |
| PAUL ZIRIAX, in his official capacity as SECRETARY OF THE OKLAHOMA STATE ELECTION BOARD, et al., | ) ) ) ) ) |
| Defendants. | ) ) |

## **ORDER**

The plaintiffs bring this action against the Secretary of the Oklahoma State Election Board and the Chair, Vice Chair, and Members of the Board. All of the defendants are sued in their official capacities. The plaintiffs challenge the constitutionality of election laws that they claim are unduly burdensome, and they seek injunctive and declaratory relief in advance of the November, 2020 elections. In short, they contest certain restrictions imposed upon absentee voting under Oklahoma law: notarization, witnessing, photo identification, postage, timing, and the criminalization of persons or entities (including organizations like plaintiffs) who request or receive absentee ballots of their constituents. (*See* Doc. 18 at 5, ¶¶ 6-7).[1]

---

[1] All references to Documents from the case docket are to the page numbers at the top of the filed document as docketed in CM/ECF, rather than to internal page numbers.

According to the plaintiffs, these restrictions are particularly burdensome and onerous in light of the COVID-19 pandemic, which presents a heightened risk of infection to Oklahomans who vote in-person. As a result of those risks, more Oklahomans are expected to avail themselves of voting by absentee ballot, which is available to all Oklahomans. The problem, according to the plaintiffs, is that certain absentee ballot laws require voters wishing to vote by absentee ballot to expend money and expose themselves to a risk of COVID-19 infection. For example, plaintiffs alleges that most Oklahomans wanting to vote by absentee ballot to avoid the risks of in-person voting will still be required to risk COVID-19 infection to obtain a notarization of their absentee ballots, to copy their identification, or to purchase stamps. The plaintiffs also claim that the restrictions on their collection of ballots or other assistance offered to constituents is an unconstitutional restriction.

The defendants move to dismiss for improper venue or, in the alternative, to transfer this case to the Western District of Oklahoma where the Election Board presides. (Doc. 24). According to the defendants, the only proper defendant is Paul Ziriax, who is the Secretary of the Oklahoma State Election Board and resides in the Western District of Oklahoma. They maintain that Secretary Ziriax is the only defendant who has responsibility for the absentee ballot issues challenged by the plaintiffs. (*See id.* at 2-3).

The plaintiffs respond that the members of the Election Board are proper defendants because they have supervisory authority over the county election boards, including the Tulsa County Election Board, which is the largest in the State. (Doc. 31 at 13-14). As a result, plaintiffs also contend that venue is proper because substantial events material to

the plaintiffs' claims have occurred and will occur in the Northern District of Oklahoma, because numerous of the plaintiffs' constituents and members who reside in this District are burdened by the challenged restrictions on absentee voting. (*Id.* at 11).

Upon consideration of the factual and legal arguments and authorities provided by the plaintiffs and the defendants (*see* Doc. 24, 31, 32) and the Amended Complaint (Doc. 18), the Court determines that the defendant Board Members are properly-named defendants in this action. While the Board Member defendants dispute that they have responsibilities relating to the absentee ballot issues challenged in this case, the plaintiffs have presented sufficient information and authority to support maintenance of this suit against both the Secretary of the Election Board and the Election Board Members. (*See* Doc. 31 at 13-18).

A civil action may be brought in a judicial district "in which any defendant resides, if all defendants are residents of the State in which the district is located," or "in which a substantial part of the events or omissions giving rise to the claim occurred. . . ." 28 U.S.C. § 1391(b). Venue can be proper in multiple districts. *ConocoPhillips Co. v. Jump Oil Co.*, 948 F. Supp. 2d 1272, 1282 (N.D. Okla. 2013) ("Section 1391(b)(2) does not require that a court determine which judicial district has the most substantial connection to the case but, instead, venue may be proper in multiple districts as long as a substantial part of the events or omissions giving rise to the case occurred in those districts."). Venue is thus proper under 28 U.S.C. § 1391(b)(1), because one of the defendants resides in this District and all of the defendants reside in the State, and under § 1391(b)(2) because a substantial

3

part of the events presented by the plaintiffs' claims will occur in this District. The request to dismiss or transfer for improper venue is thus denied.

In the alternative, the defendants request that this case be transferred to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1404(a). (Doc. 24 at 15-16). Under § 1404(a), the district court is granted discretion to decide the proper venue. *See, e.g., Palace Exploration Co. v. Petroleum Dev. Co.,* 316 F.3d 1110, 1121 (10th Cir. 2003). In considering a motion to transfer, courts should weigh several factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and [ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)). "To demonstrate inconvenience, the movant must . . . identify the witnesses[,] . . . indicate the quality or materiality of their testimony[,] . . . and . . . show that . . . the use of compulsory process would be necessary." *Id.* Further, the "party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). Considering the parties' briefing in light of the *Bartile Roofs* factors, the defendants have not established

4

that this forum is inconvenient to an extent that would warrant discretionary transfer under § 1404(a).

Accordingly, the defendants' motion to dismiss or transfer venue (Doc. 24) is **denied**.

SO ORDERED this 4th day of August, 2020.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT